28    PEOPLE ex rel. VAN DEREN v. MOORE.

FOURTH DEPARTMENT, DECEMBER TERM, 1902.    [Vol. 78.

———

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID G. VAN DEREN and Others, Respondents, v. DANIEL E. MOORE, as Mayor of the City of Geneva, Appellant.

*Examining board of plumbers — it must be appointed in the city of Geneva — an alternative writ of mandamus should issue where a question exists as to whether a peremptory writ can be obeyed.*

Section 40 of the City Law (Laws of 1900, chap. 327), providing for the appointment by the mayors of certain cities in the State of an examining board of plumbers, is mandatory, and is applicable to the city of Geneva, although the charter of that city (Laws of 1897, chap. 360) does not provide for the appointment of such a board, and imposes the duty of supervising the plumbing of the city upon the board of health.

When the papers used upon a motion for a writ of mandamus requiring the mayor of a city to appoint an examining board of plumbers, pursuant to the provision of the City Law, disclose the existence of a serious question of fact as to whether there reside in the city any persons eligible for appointment to two of the places on the board, the court should not criticise the opposing affidavits too closely and grant a peremptory writ of mandamus on the ground that they did not entitle the defendant to litigate that question, but should, in its discretion, order an alternative writ of mandamus in order that the question of fact may be determined.

APPEAL by the defendant, Daniel E. Moore, as mayor of the city of Geneva, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Ontario on the 21st day of July, 1902, directing the issuance of a peremptory writ of mandamus requiring the defendant to appoint an examining board of plumbers of that city as required by law.

*W. Smith O'Brien*, for the appellant.

*William S. Moore*, for the respondents.

WILLIAMS, J.:

The order should be reversed, with ten dollars costs and disbursements and an order made directing the issuance of an alternative writ of mandamus.

The application was made under the provisions of article 3 of the City Law of the State (Laws of 1900, chap. 327) which purports to provide for plumbing and drainage in all the cities of the State except New York.

The appellant claims that these provisions of the City Law do not apply to the city of Geneva, but we think this claim cannot be sustained.

The Legislature, by chapter 602 of the Laws of 1892, provided for the registration of plumbers in the cities of the State and the supervision of plumbing and drainage in the cities of the State except New York, Brooklyn and Albany, and for the appointment by the mayors of all cities except those mentioned of an "Examining and supervising board of plumbers and plumbing," consisting of five persons, and prescribed their duties, etc.

Thereafter the city of Geneva was incorporated by special act of the Legislature, chapter 360 of the Laws of 1897. The charter of the city (§ 74) provided that the board of health should supervise the plumbing of the city and make suitable rules and regulations with reference thereto. It did not, however, expressly provide for examining or supervising the plumbers. The City Law (Art. 3, § 40), passed three years after the city of Geneva was incorporated, provided that the existing boards for the examination of plumbers in the cities of the State should be continued as the examining boards of plumbers and should consist of five persons to be appointed by the mayor, of whom *two should be employing or master plumbers of not less than ten years' experience in the business of plumbing,* and one should be a journeyman plumber of like experience, and the other members should be the chief inspector of plumbing and drainage of the board of health of the city, or officer performing the duties of such inspector, and the chief engineer having charge of sewers in such city, but in the event of there being no such officers in the city, then any two other officers having charge or supervision of the plumbing, drainage or sewerage, whom the mayor should

30 PEOPLE ex rel. VAN DEREN v. MOORE.

FOURTH DEPARTMENT, DECEMBER TERM, 1902. [Vol. 78.

designate or appoint, or two members of the board of health of the city having the like duties or acting in like capacities. The act expressly repealed chapter 602 of the Laws of 1892, above referred to, but made no reference to section 74 of the charter of the city of Geneva. It will be seen that a board for the examination of plumbers was not provided for at all by the charter of the city of Geneva and, therefore, the provision on this subject in the City Law is in no way in conflict with any provision of such charter. The charter only provided for the supervision of plumbing, and imposed the duty of such supervision upon the board of health. The City Law imposed that duty upon the examining board of plumbers *in conjunction with* the board of health of the city. We think, therefore, that the provisions of the City Law should be regarded as modifying the provisions of the charter in that respect and as applicable to the city of Geneva. Since the incorporation of the city no board of examining plumbers has been appointed by the mayor of the city of Geneva under either the law of 1892, above referred to, or the City Law.

The appellant further claims that the provisions of the City Law in question are directory merely and not mandatory; that the granting of the writ is discretionary and that the same should be refused because it would result in hardship or mischief, and in no good to the city; that the appointment of such a board would create a large and unnecessary expense, and would take the business out of the hands of plumbers and others, by whom it is now conducted satisfactorily and in a sanitary manner. We think this claim cannot be sustained. The regulation and control of the plumbers and plumbing of cities is of great importance, in order to preserve the public health. The Legislature has, in the City Law, provided a uniform scheme to accomplish this purpose in all the cities of the State, except in the cities of New York, Brooklyn and Albany. The provisions of the City Law can hardly be considered as directory merely. They are mandatory. The wisdom of these provisions cannot be questioned by any city which may be disinclined to comply with them. So long as they remain the law of the State, they should be observed and followed. We think the mayor of the city of Geneva should appoint the board referred to, if it is possible for him to do so, and the only valid objection, if any, made to the issuing of the writ in

PEOPLE ex rel. VAN DEREN v. MOORE.    31

App. Div.]    Fourth Department, December Term, 1902.

question is that it commands the performance of an act which it is impossible for the mayor to perform.

It was claimed by the appellant that the writ should have been an alternative one, because, by his papers used in opposition to the motion, he raised an issue of fact as to his ability to appoint the board designated in the City Law, which issue should have been tried and settled before a peremptory writ was issued. It was claimed that there were not two residents of the city who were *employing or master plumbers of not less than ten years' experience in the business of plumbing,* who could be appointed members of the board as required by the City Law in question, and, therefore, he could not comply with the command of the writ. The respondents contended that this issue was not properly raised by the papers of the appellant used upon the hearing before the Special Term.

If the issue was raised, then the proper writ was an alternative one. If not, then the peremptory writ was properly issued.

The respondents stated in their affidavit that no reason existed why the appointment of the board should not be made; that the city had a population of upwards of 11,000 inhabitants, including among the same *master plumbers and journeymen plumbers,* qualified for appointment upon the board. The appellant, the mayor, stated in his affidavit, *upon information and belief,* that it was not within his power to appoint the board from residents of the city for the reason that there were not in the city any persons who were employing or master plumbers of not less than ten years' experience in the business of plumbing; that the only persons engaged in the plumbing business in the city were Wilson, Stacey, Emig, Hatmaker and Hawkins, of whom Hatmaker alone was a plumber by trade, and that none of these persons had had ten years' experience in the business of plumbing. O'Brien, president of the board of health, stated in his affidavit that the persons above named were the only persons engaged in the business of plumbing in the city, and this was *not* upon information and belief. Rose, a hardware merchant, stated in his affidavit that for upwards of ten years his firm had carried on the business of plumbing in connection with its hardware business, but had gone out of the plumbing business, and that he *verily believed* the persons above named were the only

32 PEOPLE ex rel. VAN DEREN v. MOORE.

FOURTH DEPARTMENT, DECEMBER TERM, 1902. [Vol. 78.

persons engaged in the plumbing business in the city, and, upon information and belief, that Hatmaker was the only one of those persons who was a plumber by trade. O'Brien, city attorney, in his affidavit stated, upon information and belief, that the above were the only persons engaged in the business of plumbing and employing plumbers in the city; that Wilson had been in the business only four years, Stacey only one year, Emig and Hatmaker only five years, and Hawkins only two years, and none of these persons were plumbers except Hatmaker; that there were no master plumbers of ten years' experience in the city, and that the sources of his information and the grounds of his belief were conversations had with the persons named within the last ten days. These were the affidavits upon which the appellant relied as raising the issue in question. The persons making these affidavits were city officials, and we must assume made the affidavits honestly and truthfully. If there were persons residing in the city who were employing or master plumbers of not less than ten years' experience in the business of plumbing, they ought to have had some knowledge or information of them. The city attorney testified that his knowledge and information was based upon conversations had with the only persons engaged in the plumbing business in the city. It seems to us in view of these affidavits it ought not to be held that the statements made by the relators, which were themselves very general and were little more than conclusions, were not denied but were admitted by the appellant so as to authorize the court to make the order for a peremptory writ before settling the issue of fact attempted to be raised as to the power of the mayor to obey the command to appoint the board.

The granting or refusing the writ was more or less discretionary, and we think the discretion should have been exercised by ordering an alternative rather than a peremptory writ to issue, so that this issue of fact could be settled before the peremptory writ was issued. The court should not criticise too closely the affidavits presented by the appellant in opposition to the application. In *People ex rel. McMackin* v. *Board of Police* (107 N. Y. 243) Judge PECKHAM said : " It may be perhaps admitted that in strictness there is no proper denial in the return of the board, but * * * we think it is conclusively shown that there is a serious question of fact, hav-

ing a substantial basis, to be decided before the relators shall be entitled to the writ asked for. (A peremptory one.) While not deciding what would be the rule in cases of strictly private rights, we think that in cases such as this, where the question is who are the real representatives of this constituency, the court will not be driven into issuing a peremptory writ to guide the conduct of public officers charged with this public duty upon any narrow construction of a return to its alternative writ, where from all the papers, it is seen that there is a substantial issue of fact and of a material nature, which should be decided in the way pointed out by the law, before the issuing of such writ. In such cases it is a wise and proper exercise of discretion to refuse the application."

The principle here laid down is reasonable, and should be applied to the case before us.

The views hereinbefore expressed lead us to conclude that the order appealed from should be reversed, with ten dollars costs and disbursements, and an order made directing the issuance of an alternative writ of mandamus.

ADAMS, P. J., McLENNAN and SPRING, JJ., concurred; DAVY, J., not sitting.

Order reversed, with ten dollars costs and disbursements, and an order made directing that an alternative writ of mandamus issue.