serve wines and liquors, a motion was made to dismiss the complaint because such employment is not permissible to a girl or a woman not a member of her employer's family. Section 31f, c. 312, Laws 1897. The motion was denied on the ground that this defense should have been specially pleaded; but this court held that the general denial was sufficient, and that the defense of illegality was available, although not pleaded specifically. Wilking v. Richter, 25 Misc. Rep. 735, 55 N. Y. Supp. 58.

Speculation respecting the benefit or protection purposed by the statute is neither fruitful or edifying. "It is equally unfair that a man should be allowed to take advantage of what the law says he ought not to do whether the thing be prohibited because it is against the intent of the statute." 5 B. & Ald. 335, 341. The transaction·being prohibited, it is illegal, and the court should not assist either of the parties to recovery. What the plaintiffs have gotten the defendant cannot get back, nor should the plaintiffs be assisted to get more than they have gotten from the defendant.

The complaint should have been dismissed, and this judgment should be reversed.

---

## GREGORIO v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. January 17, 1906.)

CARRIERS—STREET RAILWAYS—NEGLIGENCE—INJURIES TO PASSENGER.

> Evidence that while plaintiff, a passenger on defendant's street car, started to alight after the car was stopped in response to a signal given by some one, she was thrown down by the car suddenly starting, it not appearing that the conductor knew that she was alighting, or that a signal to start was given by the conductor or any one, established a prima facie case of negligence on defendant's part.
>
> [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1286.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Flora Lorenzo Gregorio against the New York City Railway Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

David M. Neuberger, for appellant.

William E. Weaver, for respondent.

SCOTT, P. J. The evidence justified a finding that plaintiff was a passenger on one of defendant's cars; that the car stopped at or near the intersection of Third avenue and Forty-Sixth street; that it was stopped in response to a signal given by some one; that plaintiff started to alight, and before she had safely done so the car started up and she was thrown down. It did not appear that the conductor saw her or knew that she was alighting, nor did it appear that a signal to start was given by the conductor or any one. These facts, in our opinion, established a prima facie case of negligence on defendant's part.

When a street surface car has come to a full standstill, reasonable

care in its operation demands that it shall not be started without some effort on the part of the conductor or motorman to determine whether this may be done with safety to passengers or intending passengers, and the question of negligence is one for the jury. Bessenger v. Met. St. Ry. Co., 79 'App. Div. 32, 79 N. Y. Supp. 1017. In our opinion the plaintiff had made out a prima facie case, and it was error to dismiss the complaint.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.