CITY OF POUGHKEEPSIE, Plaintiff, *v.* VASSAR COLLEGE et al., Defendants.

Supreme Court, Dutchess County, June 14, 1961.

*Allen J. Weisman, Corporation Counsel,* for plaintiff. *Guernsey, Butts & Walsh* for Vassar College and another, defendants. *Joseph D. Quinn, Jr.,* for Millard Home Builders, Inc., and another, defendants.

JAMES D. HOPKINS, J. The plaintiff moves for a temporary injunction restraining the defendants from using plaintiff's water and water supply system until such time as the defendants comply with the ordinances and rules and regulations of the plaintiff relating to a building now under construction. The defendant Vassar College (hereinafter called "Vassar") is the owner of the land on which the building is being constructed. The defendant Parrish is an employee of Vassar and has been given permission to build a house on its land. The defendant Millard Home Builders, Inc. (hereinafter called "Millard") is the general contractor retained by Parrish to build the house. The defendant Smith is the plumbing subcontractor on the site. The defendant Town of Poughkeepsie has been recently allowed to intervene by order of the court.

The land of Vassar lies within the Town of Poughkeepsie. The plaintiff is authorized by its charter to supply water outside its territorial limits (L. 1896, ch. 425, § 28, subd. 29; §§ 122, 123, as amd.). In 1912 Vassar obtained permission from the plaintiff to purchase water through the latter's water supply system. Vassar then laid mains through its grounds, and it is to one of Vassar's mains that the Parrish house is to be connected for its water supply. All of the water entering Vassar's mains is measured by a master meter, and Vassar is billed by the plaintiff based on the amount of water thus measured.

The present dispute emerges from a clash of authority asserted by the plaintiff and the defendant town over the right of each to license, supervise, and inspect the plumbing work necessary to make connections for water to the defendant Parrish's house. The plaintiff asserts its right by virtue of the provisions of its charter, its Plumbing Code, and the Rules and Regulations of its Superintendent of Public Works. The defendant town asserts its right by virtue of the provisions of the Town Law and the Uniform Building Code of the State, which has been adopted by the town. The defendants Parrish, Smith and Millard have been caught within the meshes of the conflict.

Save for an intimation in the defendants' papers in opposition that the plaintiff has not consistently enforced the provisions which it now seeks to apply (an intimation denied by the plaintiff), the questions posed by the present motion are of law. We do not think that the averments of the defendants implying a discriminate enforcement of its rights are sufficiently definite and concrete to require a hearing to determine the facts. We pass, then, to the questions of law.

Ordinarily, an ordinance has no efficacy beyond the limits of the municipality (5 McQuillin, Municipal Corporations [3d ed.], § 15.30, pp. 126–130). An exception arises in the instance of a municipal water supply; then the municipality may exercise its police power extraterritorially to protect the purity of the water (7 McQuillin, Municipal Corporations, § 24.200, p. 113). In this case, too, the Legislature has empowered the plaintiff to extend its water system beyond the municipal boundaries; it is a fair inference that the Legislature intended that the powers granted by the charter for the adoption of rules and regulations concerning the issuance of permits and the use of water applied equally to intramunicipal consumers as well as to extramunicipal consumers (L. 1896, ch. 425, § 103, subd. 10).

We hold, therefore, that the plaintiff's rules and regulations may be enforced to the extent that an application for a permit must be made to the plaintiff, when a connection to its water supply is to be made, that the plaintiff may inspect the manner in which the connection is made, and determine whether the work has been performed in accordance with its rules and regulations. Certainly, the plaintiff is entitled to know the identity of its consumers, the places where connections are made, and whether the connection has properly been made. That Vassar owns its water mains, that a master meter computes the water consumed on its grounds, does not convert Vassar into the same position as a town water district, as the defendants maintain, nor does it exempt Vassar and the consumers taking water from its mains from proper regulation.

Whether the plaintiff may insist that only plumbers holding a certificate of competency from its Plumbing Board shall do such work is quite a different issue. The plaintiff's Plumbing Code specifically requires that all plumbing work to be connected with its water system outside the city limits, shall be performed only by master plumbers to whom certificates of competency have been issued by the board of plumbers of the plaintiff. The defendant Smith is licensed by the defendant town, but not by the plaintiff.

There is no specific grant of power in the charter of the plaintiff which permits such a requirement. The plaintiff claims its source of power from article 4 of the General City Law. That article provides for the establishment of examining boards in cities, the issuance of certificates of competency to plumbers passing the examination, and the prohibition of any person conducting his trade without such a certificate. But a reading of its provisions makes it clear that it affects only work to be done in the city, for it refers time and again to the conduct of the trade *in the city* (cf. General City Law, §§ 45, 45-a, 49, 53).

On the other hand, the defendant town has been delegated power from the Legislature to adopt a Plumbing Code " [r]egulating * * * the manner in which connections shall be made with main sewers, drains, and water mains " (Town Law, § 130, subd. 2), effective only in the town, outside a city or village (Town Law, § 132). A town of the first class, such as the defendant town (Town Law, § 10) may regulate and license by ordinance the performance of plumbing work (Town Law, § 136, subd. 7, § 137). It is plain that the legislative grants of power both to the plaintiff and the defendant town must be fairly construed, and accommodated, if possible.

We recognize that it has been determined that the provisions of the General City Law are mandatory toward the plaintiff, and not merely directory (*People ex rel. Lavier* v. *Hessler,* 152 App. Div. 839; *People ex rel. Van Deren* v. *Moore,* 78 App. Div. 28). All public health measures, however, must be reasonable in their application and viewed in the light of the objective sought to be attained (*People* v. *Gillson,* 109 N. Y. 389, 401, 402). Primarily, public health is a matter of State concern, and the State has in certain instances delegated its power to municipalities, to be executed in strict accordance with the power granted (cf. *Ainslie* v. *Lounsberry,* 275 App. Div. 729). When there are conflicting interests, the ordinance must be reasonably construed (*City of New Rochelle* v. *Burke,* 288 N. Y. 406). In the case last cited, a city ordinance directing all plumbing work in the city to be performed by a plumber having a certificate of competency from the City Plumbing Board was said not to be applicable to workmen of a water company franchised to supply water in the city, when the workmen were engaged in installing service pipes in the city streets.

Here the defendant town has exercised its delegated powers by adopting plumbing regulations incorporated in the Uniform State Building Code. There is no claim by the plaintiff that these provisions are not adequate in the situation presented, nor that the defendant Smith is incompetent to perform the work.

Nor would, in any event, the performance of one contract constitute the conduct of the trade under the meaning of article 4 of the General City Law (cf. *Bronold* v. *Engler,* 194 N. Y. 323, 325; 1932 Atty. Gen. [Inf.], 45 St. Dept. 179).

A reasonable interpretation of the legislative intent in conferring authority on both the plaintiff and the defendant town to license and regulate plumbers leads to the conclusion that each municipality was to pass on the qualifications of those persons operating as plumbers within the confines of that municipality. A conclusion favoring the extramural exercise of power by the plaintiff to bar plumbers doing business in the defendant town, but not licensed by the plaintiff, would result in the unwarranted extension of regulation in a large area without the city limits, having a large population, and already under town regulation. Such a conclusion seems unnecessary and unreasonable.

We decide, therefore, that the plaintiff may not so enforce its regulations to require only plumbers holding a certificate of competency issued by the plaintiff to make connections to its water system in the town but that the plaintiff may require the defendants to apply for permission to make the connection and may inspect and supervise the making of such connections.

In passing, it may be noted that the defendants' contention that the plaintiff's rules are unenforcible because they have not been adopted by the Dutchess County Board of Health has been considered but not deemed tenable. It is true that after the plaintiff became a part of the County Health District that a Plumbing Code must be adopted by the Plumbing Board in conjunction with the County Board of Health (Public Health Law, § 341; cf. 10 Op. St. Comp., 1954, p. 85; see General City Law, § 44, subd. 3). However, section 347 (subd. 1, par. c) of the Public Health Law permits the enforcement of any existing city ordinances not inconsistent with law.

Submit order on notice in conformity with the foregoing.