Clare J. Hoyt, J.
This is an action by a plumber for a judgment declaring a portion of the Town of Poughkeepsie’s Plumbing Code to be unconstitutional. The portion of the Plumbing Code attacked provides for the licensing of plumbers by the town. Only licensed plumbers can obtain a permit to do any plumbing work governed by the code (§ 14.3.1). Plumbers are licensed if an appointed Board of Plumbing Examiners certifies that the applicant is competent and the required fee is paid (§ 14.2.5). Competency is determined by the Board of Plumbing Examiners after an examination of the applicant. In order to pass the examination the applicant ‘ ‘ shall have such qualifications as may be deemed necessary by the board of plumbing examiners of the Town of Poughkeepsie ” (§ 14.2.2). Plaintiff contends this latter provision is an unconstitutional delegation of legislative power. The issue is presented by plaintiff’s motion for summary judgment.
Under the code the Board of Plumbing Examiners shall consist of at least four persons, none of whom are required to be elected legislative officers of the town (§ 14.1.2). Plaintiff engages in the plumbing and heating business in Dutchess County. He avers he is a competent plumber duly licensed in Putnam County to ply his trade. In February of 1967 he applied to the Town of Poughkeepsie Board of Plumbing Examiners for a license. A month later the Chairman of the Plumbing Board and the Plumbing Inspector wrote plaintiff’s then attorney that plaintiff did not qualify to be examined for a certificate of competency unless he could furnish the board with the names of qualified plumbers under whom he had served five years as an apprentice and five years as a journeyman. This suit was commenced shortly thereafter.
*928 The town’s opposition to the motion is limited to pointing out that the code provides that any portion declared unconstitutional shall be severable from the remainder of the code and that plaintiff has failed to supply evidence of the minimum plumbing experience required by the code in order to be eligible for examination. The copy of the code submitted to the court does not contain a requirement that an applicant demonstrate a certain quantum of plumbing experience before he is eligible for examination. Bather the only requirement established by the code for licensing is ‘ ‘ such qualifications as may be deemed necessary ” by the plumbing board.
A Town Board cannot validly delegate legislative power to an administrative body without prescribing any standard or rule by which action by that administrative body is to be governed (Matter of Fink v. Cole, 302 N. Y. 216, 225; Packer Collegiate Inst. v. University of State of N. Y., 298 N. Y. 184, 191-192). A municipality may be invested with power to regulate the plumbing trade and to require that those allowed to ply that trade be limited to persons who have obtained licenses after proof of their competency (People ex rel. Nechamcus v. Warden, 144 N. Y. 529). However if this regulatory power is delegated to an administrative body, the delegation must be accompanied by a legislatively declared standard or rule that limits action by the administrative body (Matter of Small v. Moss, 279 N. Y. 288). Here the licensing power conferred upon the plumbing board— an administrative body — is entirely without limitation or guide. Indeed the administrative body is vested with the power to perform the legislative acts of fixing and changing the standards to be applied. This cannot be constitutionally done. “ Laws are made by the law-making power and not by administrative officers acting solely on their own ideas of sound public policy, however excellent such ideas may be ” (Matter of Picone v. Commissioner of Licenses, 241 N. Y. 157, 162). Over 30 years ago a statute similar to the town plumbing code was struck down. The court wrote in Matter of Seignious v. Rice (273 N. Y. 44, 50-51): “ We may assume that in the exercise of the powers which the Legislature has sought to confer on the Commissioner of Health he will act reasonably. None the less, if the statute is valid, he may pick and choose among individuals without formulating a general standard to be used in classification and without being bound by any standard formulated by the Legislature. That is not the grant of an incidental power, it is the delegation of a legislative power. It is indeed more than that; it is the grant of a power to discriminate in the matter of a man’s right to continue *929 to carry on his business, not only between classes of applicants, but even between individuals in-accordance with his own judgment of what is best in that particular case. That the Legislature has no power to do.”
For the same reasons the licensing provisions of the town plumbing code are unconstitutional. (See, also, Acorn Employment Serv. v. Moss, 292 N. Y. 147, 153: Matter of Concordia Collegiate Inst. v. Miller, 301 N. Y. 189, 194 — 196; Matter of Barry v. O’Connell, 303 N. Y. 46, 52-53; Matter of Swalbach v. State Liq. Auth., 7 N Y 2d 518, 522-524; 9 McQuillin, Municipal Corporations [3d ed., rev.], §§ 26.64, 26.65, pp. 154r-158.)
The licensing provisions of the Town of Poughkeepsie’s plumbing code are declared unconstitutional and the judgment to be entered herein shall provide that the same are to be struck down and severed from the remainder of the code.