Leonard J. Supple, J.
In this action by a plumber for a judgment declaring a portion of the Town of Poughkeepsie’s Plumbing'Code invalid, the plaintiff moves for summary judgment.
The parties have litigated before. (Novak v. Town of Poughkeepsie, 57 Misc 2d 927.) After that litigation terminated in favor of plaintiff, the code was amended. Under the provisions of the amended code, the plaintiff obtained a plumber’s license which authorized him to work as a plumber within the town. However, under section 14.2.2 of the amended code, no person may lawfully conduct the 1 ‘ trade, business or calling of plum *386 ing as employing or master plumber ’ ’ unless he shall have first obtained a certificate of competency from the Board of Plumbing Examiners established by section 14.2.3 of the code. The said board is authorized to administer examinations to applicants for a master plumber’s license. (§ 14.2.4.) If the applicant passes, he receives a certificate of competency from the board and is required to forthwith register at the office of the Town Clerk. (§ 14.2.6.) Upon payment of a specified fee, he is entitled to receive from the Town Clerk a license authorizing him to engage in business in the town as an employing or master plumber (§ 14.2.6).
The plaintiff took the examination, but failed to pass it. He thereupon instituted this lawsuit. The court believes that there is no dispute as to the facts necessary for a judgment and summary disposition of this litigation is in order.
“ Towns and other municipal corporations are organized for governmental purposes, and their powers are limited and defined by the statutes under which they are constituted.” (Wells v. Town of Salina, 119 N. Y. 280, 287.) “Unknown at common law, the Town is a creature of the Legislature and may not act in excess of the powers conferred upon it by statute (People v. Scott, 26 N Y 2d 286). The Legislature’s power to delegate to local municipalities the power to license plumbers plying their trade within the municipality and to license and otherwise regulate the business of plumbing within the bounds of such municipality cannot be questioned. (People ex rel. Nechamcus v. Warden of City Prison, 144 N. Y. 529.) However, the delegated power must be executed by the local municipality in strict accordance with the grant from the sovereign (City of Poughkeepsie v. Vassar Coll., 35 Misc 2d 604, 607). The court now turns to an examination of the State statutes which delegate to towns the power to regulate plumbers and plumbing within their respective boundaries.
It should first be noted that article 4 of the General City Law, which establishes boards of plumbing examiners in cities and confers upon such boards the power to license master plumbers, has no application to towns. Subdivision 2 of section 130 of the Town Law authorizes towns by ordinance to regulate the manner of construction, alteration, removal and inspection of all plumbing and drainage systems and related matters. The statute says that such an ordinance is to be known as the plumbing code of the town but the statute does not authorize licensing or regulation of plumbers of the business of plumbing.
Subdivision 7 of section 136 of the Town Law confers upon certain towns of the second class and all towns of the first class, *387 which latter class includes the respondent town, the power by ordinance to license and otherwise regulate the doing of plumbing work within the town, exclusive of work performed by employees of public service corporations for their employer. Section 137 of the Town Law says that, if any such trade, occupation or use of premises shall be prohibited without a license, the Town Clerk or Town Building Inspector shall issue such licenses, and such official may refuse to^ issue a license if (1) the licensing official determines that tile applicant has been convicted of a misdemeanor or a felony which renders the applicant unfit or undesirable to carry on the trade or occupation involved, or (2) the issuing official believes the applicant to be an undesirable person or incapable of properly conducting the trade or business desired. If such a license is so refused, the statute provides for a review of such refusal by the Town Board. It has been held that the statutory standard for the exercise of discretion by the issuing official is sufficiently definite to defeat a charge of invalid delegation of power (Matter of Brunacini v. Loomis, 12 A D 2d 298).
While the foregoing establishes that the respondent town is the repository of delegated power to Ecense plumbers and to license and regulate the doing of plumbing work within the town, there remains for determination the question of whether or not the Town of Poughkeepsie has exercised this power “ in strict accordance with the power granted”. (City of Poughkeepsie v. Vassar Coll., supra, p. 607.)
The Town of Poughkeepsie has by the provisions of the code hereinabove described attempted to give the initial discretion as to whether or not a master plumber’s Ecense shall issue to the Board of Plumbing Examiners of the town, whereas section 137 of the Town Law vests this discretion in the Town Clerk or the Town Building Inspector. While technically the board does not issue a Ecense, but only a “Certificate of Competency,” it is the latter rather than the former that performs the function of a Ecense. Once the board has exercised its discretion in favor of an applicant, the Town Clerk is required by the code to issue the Ecense as of course. Furthermore, the said code provision made no attempt to preserve to applicants the right of appeal given by section 137 of the Town Law to applicants who have been denied a Ecense to practice their calling.
In Ainslie v. Lounsbery (275 App. Div. 729, mot. for lv. to app. den. 299 N. Y. 797) the Appellate Division, Third Judicial Department, declared invalid a local law of the City of Binghamton which attempted to establish a different method of appointment and different qualifications for the city examining *388 board of plumbers of that city than did the State enabling statute. The code provisions here under attack likewise deviate from the State-mandated formula. Such is fatal to their validity.
Subdivisions 11 and 15 of section 130 of the Town Law, of course, do authorize the adoption by towns of ordinances which will tend to preserve peace, good order and the safety of the inhabitants and which will promote the health, safety, morals or general welfare of the community. If it be argued that the afore-described code provisions should be sustained under this broad grant of police power to towns, the recent holding of Bon-Air Estates v. Building Inspector of Town of Ramapo (31 A D 2d 502) is sufficient authority for dismissing any such argument.
It should be noted that the instant case involves only the question of whether or not the Town of Poughkeepsie could by ordinance deviate from the strict letter of the enabling statutes. There is not presented any question concerning the power of the town to deal with the same subject matter by a local law enacted pursuant to the Municipal Home Rules Law (§ 10, subd. 1, par. [ii], subpar. a, cl. [12J; see, also, § 23, subd. 2, par. f).
The motion for summary judgment will be granted. The order to be entered hereon shall direct the entry of a judgment declaring section 14.2.2 of the Plumbing Code of the Town of Poughkeepsie and all its subsections invalid and declaring invalid and striking from section 14.3.1 of the code the word 11 master.”