George P. X. McInerney, J.
Motion for an order striking out defendant’s answer and directing the entry of summary judgment for the plaintiffs is granted.
This is an action challenging the validity of an ordinance adopted by the Town Board of the Town of Huntington, known as chapter 33 of the Code of the Town of Huntington relating to the sale, distribution, use and application of pesticides within the said town, specifically dieldrin, aldrin and DDT or any combination of them. The use of DDT throughout the State of New York is banned under regulations of the Commissioner of Environmental Conservation. Aldrin and dieldrin may be sold, purchased, possessed and used within New York State under the regulations of the Commissioner of Environmental Conservation if used to control termites and for other limited *1032 uses within structures or below the surface of the ground but only by persons holding commercial permits or purchase permits issued by the New York State Department of Environmental Conservation. Plaintiffs hold such permits.
On or about April 13,1971, the Town Board revised chapter 33 of the code. A Pesticide Control Board was established and given the authority by the Town Board to register all pesticides intended for sale or use in the Town of Huntington. Pesticides that are not registered by the manufacturers or that may be denied registration are prohibted from sale or use in the town.
Subsequently the Pesticide Control Board published lists of certain pesticides registered for use in the town on a restricted and a nonrestrieted basis.
The Pesticide Control Board and the Director of Environmental Protection of the town made available lists of pesticides approved for general use in the town, approved for restricted use by licensed applicators, and those denied registration.
On or about April 13, 1972, a local newspaper reported that the town officials had announced that they intended to enforce, their ban on the sale and use of unregistered pesticides.
A few days later chapter 33 was amended requiring every operator or owner of an insecticide deployment vehicle being driven through the town to submit for inspection a sample of the product being transported whether or not the product was to be used within the Town of Huntington.
As there are no issues of fact to be determined, the only issues are those of law and properly should be decided by this motion for summary judgment. (Iandoli v. Lange, 35 A D 2d 793; Holdridge v. Town of Burlington, 32 A D 2d 581; Steingart Assoc. v. Sandler, 28 A D 2d 801; Kindermann Fireproof Stor. Warehouses v. City of New York, 39 A D 2d 266.)
There are two issues involved. Was the Town Board’s delegation of the powers to the Pesticide Control Board legal, and was the town pre-empted .in this field by either New York State or the Federal Government?
The code of the Town of Huntington is admittedly an ordinance and not a local law. Quoting from Nemeroff Realty Corp. v. Kerr (38 A D 2d 437, 441, n. 5): “A suburban town may by local law ‘ create, modify or discontinue departments of the town government ’ or ‘ assign additional functions or duties to offices, departments or agencies ’ (Town Law, § 53). The code of the Town of Huntington is, however, an ordinance, not a local law.”
In Nemeroff the Town Board attempted to delegate its authority to the Director of Planning by an ordinance, being chapter *1033 33 of the Code of Huntington. In the instant case the Town Board attempted to delegate its authority to the Pesticide Control Board hy another part of the same ordinance. In both instances the actions were nullities. This court relied on the decision of the Appellate Division in Nemeroff in Walt Whitman Mgt. v. Town Bd. of Town of Huntington (decided Aug. 16,1972, Index No. 72-6933).
“ In creating an administrative rulemaking agency, the legislature, to prevent its being a pure delegation of legislative power, must enjoin upon the agency a certain course of procedure and certain rules of decision in the performance of its function.” (1N. Y. Jur., Administrative Law, § 50.)
This was not done. (Matter of Fink v. Cole, 302 N. Y. 216; Packer Collegiate Inst. v. University of State of N. Y., 298 N. Y. 184.)
(See Novak v. Town of Poughkeepsie, 57 Misc 2d 927; Matter of Picone v. Commissioner of Licenses of City of N. Y., 241 N. Y. 157.)
On September 1, 1972, articles 11 and 11A of the Agriculture and Markets Law were superseded by article 33 df the Environmental Conservation Law. A significant addition was the word “use” which was added to subdivision 1 of section 33-0303 which now reads as follows: Jurisdiction in all matters pertaining to the distribution, sale, use and transportation of pesticides, is by this article vested exclusively in the commissioner.”
On October 21, 1972, a revised Federal Insecticide, Fungicide and Rodenticide Act (H. S. Code, tit. 7, § 135 et seq.), became law. Whether or not this Federal law pre-empted the State law on the subject is not germane to this decision. Certainly one or the other or both pre-empted chapter 33. of the Code of the Town of Huntington. (In this connection, see, Environmental Conservation Law, § 33-0303, subds. [4], [6]; Federal Insecticide, Fungicide and Rodenticide Act, § 24, subd. [a] ; U. S. Code, tit. 7, § 136 v.) The town code and the State law are not in harmony and consequently the code cannot be enforced. (Kindermann Fireproof Stor. Warehouses v. City of New York, 39 A D 2d 266, supra; Matter of Kress & Co. v. Department of Health, 283 N. Y. 55.)
It might be noted that there is presently a temporary injunction against the town enforcing chapter 33 of its code on condition that the plaintiffs continue to comply with the provisions of the Environmental Conservation Law.
Quoting from Wholesale Laundry Bd. of Trade v. City of New York (17 A D 2d 327, 330, affd. 12 N Y 2d 998): “ Furthermore, *1034 it is entirely clear that the State law indicates a purpose to occupy the entire field. ’ ’
(See Jewish Consumptives Relief Soc. v. Town of Woodbury, 230 App. Piv. 228, affd. 256 N. Y. 619.)