Hon. Peter A.A. Berle Commissioner Department of Environmental Conservation
This is in response to your letter of January 17, 1978, in which you request my opinion "as to whether or not Section 33-0303.1 of the Environmental Conservation Law supersedes pesticide regulatory programs currently being conducted by the Onondaga County Health Department".
Section 33-0303 (1) of the Environmental Conservation Law expressly vests jurisdiction in all matters pertaining to the use of pesticides "exclusively in the commissioner" of Environmental Conservation. Section33-0905 (1) of the Environmental Conservation Law (Custom applicator certification) requires that all persons who engage in custom application of pesticides (defined as "any application of pesticides by aircraft or ground equipment" [ECL 33-0101 (6)]) must secure a custom applicator certificate issued by the Commissioner of Environmental Conservation.
Pursuant to the provisions of § 33-0303 (3) (e) of the Environmental Conservation Law, the Commissioner of Environmental Conservation has duly adopted comprehensive rules and regulations regarding the certification and standards for licensing of commercial applicators of pesticides, which rules are published in Volume 6, Part 325, of the Official Compilation of Codes, Rules and Regulations of the State of New York. The rules and regulations adopted by the Commissioner of Environmental Conservation include, inter alia: a requirement that an individual engaged in the commercial application of pesticides shall possess a valid commercial applicator certificate issued by the Commissioner (6 NYCRR 325.17); a requirement that a commercial applicator pass a written examination prior to certification as such (6 NYCRR 325.18 [a]), which examination is to be conducted by the Department of Environmental Conservation (6 NYCRR 325.21); the eligibility requirements for an individual to take the examination for a commercial applicator certificate (6 NYCRR 325.19); and provisions for the certification, renewal and recertification of commercial pesticide applicators (6 NYCRR 325.22) . The rules and regulations also include provisions for the issuance of private applicator certificates. 6 NYCRR 327.37 -44.
The aforesaid rules and regulations, when read together with Article 33 of the Environmental Conservation Law, constitute a complete and comprehensive legislative plan for State licensing and regulation of commercial applicators of pesticides throughout the State of New York. The law is clear that where there is a complete and comprehensive legislative scheme for State control and regulation, regulation by local authorities is precluded and, there being no room for local regulation, any local ordinance attempting to impose additional regulation in the same field must be held to be invalid. Matter of Kress Co. v. Dept. ofHealth, 283 N.Y. 55 (1940).
It is clear from a reading of the provisions of the Onondaga County Sanitary Code that such provisions essentially duplicate the State licensing requirements for persons who seek to engage in the business of pest control in Onondaga County.
That the Legislature intended that Article 33 of the Environmental Conservation Law occupy the entire field of pesticide control, that the Commissioner's jurisdiction over the use of pecticides is exclusive, and that the provisions of Environmental Conservation Law, Article 33 preempt the field of pesticide use and control, thus barring local regulation of the use of pesticides, has been expressly held in L.I. Pest Control v.Tn. of Huntington, 72 Misc.2d 1031 (Sup.Ct., Suffolk Co., 1973), aff'd, no opinion, 43 A.D.2d 1021 (2nd Dept., 1974).
I therefore conclude that those provisions of the Onondaga County Sanitary Code which impose licensing requirements for pesticide applicators in the County of Onondaga are invalid as such provisions constitute an attempt by a local governing body to regulate the use of pesticides, which field of regulation has been preempted by the State.