Edward J. Lee, Esq. City Attorney, Norwich
You have informed us that your city is unable to comply with provisions of the General City Law dealing with the composition of examining boards of plumbers and the qualifications of inspectors of plumbing. You have asked whether the city has any means to rectify this situation other than requesting special State legislation.
Section 40-a of the General City Law provides for a five member examining board of plumbers consisting of two employing or master plumbers and one journeyman plumber, each with not less than ten years of experience as plumbers. The remaining members are:
 "the chief inspector of plumbing and drainage of such city, or officer performing the duties of such inspector, and the chief engineer having charge of sewers in such city, but in the event of there being no such officers in such city, then any two other officers having charge of supervision of the plumbing, drainage or sewerage, whom the mayor shall designate or appoint, or two members of the board of health of such city having like duties or acting in like capacities." (ibid.)
To be eligible for appointment as inspectors of plumbing persons may:
 "not be engaged directly or indirectly in the business of plumbing, during the period of their appointment. They shall be citizens and actual residents of the city in which they are appointed and before entering upon the discharge of their duties as such inspectors they shall each be required to obtain a certificate of competency from said examining board. * * *" (id., § 48)
Inspectors of plumbing are responsible for inspection of plumbing work, and reporting any person acting as an employing plumber without certification (id., § 49).
You informed us that your city does not have a journeyman plumber with ten years of experience to serve on the examining board and that one person serves as both chief engineer in charge of sewers and chief inspector of plumbing, thus filling two positions on the board. Further, you have not been able to find a plumber both meeting the qualifications of section 48 of the General City Law and willing to serve as inspector of plumbing.
We note that three members of a five member board would constitute a quorum and that action could be taken by unanimous vote of the three members (General Construction Law, § 41).
Section 40-a makes no provision for alternate members on the examining board of plumbers in the event that it is not possible for a municipality to appoint a qualified journeyman plumber or other member of the board. Nor does Article 4 of the General City Law provide local authority to modify the composition of the board to meet local conditions. Similarly, section 48 provides rigid qualifications for inspectors of plumbing. One alternative to examine is whether the city may adopt a local law modifying the composition and qualifications of examining boards of plumbers and the qualifications of inspectors of plumbing. Local governments are authorized to adopt and amend local laws not inconsistent with the Constitution and general laws, in relation to their property, affairs or government and certain other enumerated subjects (Municipal Home Rule Law, § 10[1][i] and [ii]). A "general law" is:
 "[a] state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages." (id., § 2[5])
The provisions of the General City Law under examination (§§ 40-a and 48) are not general laws under the statutory definition because the article in which they are found is not applicable to the cities of New York, Binghamton, Glens Falls, Poughkeepsie and Schenectady (General City Law, § 57). Therefore, assuming that the proposed local action is within the scope of the city's home-rule power, a local law inconsistent with the provisions of the State statute may be adopted, provided that the State statute has not preempted the field (Wholesale Laundry Bd. of Trade v City of New York, 17 A.D.2d 327 [1st Dept, 1962], affd 42 N.Y.2d 998 [1963]) or does not deal with a subject that is otherwise a matter of State concern (Wambat Realty Corp. v State, 41 N.Y.2d 490 [1977]; N Y Const, Art IX, § 3[a][3]).
We believe, however, that generally speaking, setting the composition of local boards and the qualifications of local officers are within the scope of a local government's home rule power (Municipal Home Rule Law, § 10[1][i] and [ii][a][1]). In addition, while we recognize that, as has been judicially determined here, a statutory scheme generally may relate to a subject that is a matter of State concern, some provisions of such a scheme may not be a matter of State concern and thus fall within the property, affairs or government of a local government.
In Ainslie v Lounsbery, 275 App. Div. 729 (3d Dept, 1949), lv to app den299 N.Y. 797 (1949), the Appellate Division declared invalid a local law of a city establishing a different method of appointment and different qualifications for the examining board of plumbers. It was decided that Article 4 of the General City Law deals with public health, which is a matter of State concern, and that the qualifications of the members of the examining board of plumbers is an essential part of the State law (ibid.). This being the case, the city was without authority to supersede the State law (ibid.). Since it has been judicially determined that section 40-a deals with a subject that is a matter of State concern, it may not be superseded by local law (see 1964 Op Atty Gen [Inf] 177). We are constrained to conclude that, in the circumstances of this case, the reasoning of Lounsbery would also apply to section 48, which deals with supervision of the plumbing trade and is an essential part of the State law.
You have stated that it is not possible for the city to appoint a qualified journeyman plumber, or a qualified inspector of plumbing and thereby comply with sections 40-a and 48 of the General City Law. While those sections do not excuse compliance for reasons of impossibility, it has been decided that an order of mandamus will not be issued to compel compliance with the provisions of what is today section 40-a, unless it is determined that it is in fact possible for a city to comply with the law (People ex rel. Van Deren v Moore,78 App. Div. 28 [4th Dept, 1902]; 1976 Op Atty Gen [Inf] 210). Thus, while the city is technically in violation of sections 40-a and 48, it appears that if the city is not able to comply, there exists no remedy to force compliance.
We conclude that a city is not authorized to supersede the provisions of sections 40-a and 48 of the General City Law dealing with the membership of examining boards of plumbers, and the qualificaions of inspectors of plumbing since these are matters of State concern. If it is in fact impossible for a city to comply with these provisions, an order of mandamus will not be issued to compel compliance.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.