■ IRA M. BALL et al., Appellants, v HUGH L. CAREY, as Governor of the State of New York, et al., Respondents.—Appeals from orders of the Supreme Court at Special Term, entered April 19, May 24, May 27 and September 15, 1976 in Albany County, which, *inter alia,* denied plaintiff's motion for summary judgment and to add parties plaintiff and dismissed the complaint. This action was commenced in November of 1975 by individuals associated with the New York State Bingo Control Commission to challenge what they perceived as illegal and unconstitutional efforts by various State officials to dismantle the commission and transfer its functions to the New York State Racing and Wagering Board. The factual background giving rise to this litigation and many of the legal theories propounded in connection with it need not be detailed for they are adequately set forth in decisions on a parallel suit in which one of the present plaintiffs secured a judgment against the State for unpaid salary (see *Ball v State of New York,* 41 NY2d 617, affg 52 AD2d 47). Moreover, while the complaint initially requested several different types of relief, it is acknowledged that the subsequent legislative abolition of the commission (L 1977, ch 46) has mooted a number of those requests and rendered academic plaintiffs' appeals from certain intermediate orders. Nevertheless, plaintiffs assert that two of their original demands possess continuing viability and that, as to them, the order of Special Term denying summary judgment in their favor and dismissing the

complaint was in error. They also maintain that Special Term improperly refused permission to add additional parties plaintiff to the action. We disagree and affirm its orders. Plaintiffs claim entitlement to damages from the defendants individually in an amount equal to the salary and benefits they would have received had they not become separated from their respective positions with the commission. Although judgment is not sought against the Comptroller or the President of the Civil Service Commission, it seems plain that many of the other defendants, such as the Governor, the Secretary of State and the Director of the Budget, would be absolutely immune from liability for the tortious conduct attributed to them (see *Stukuls v State of New York,* 42 NY2d 272; *James v Board of Educ.,* 37 NY2d 891). Whether the remaining defendants should be accorded this same or some lesser privilege need not be decided for it seems equally plain that, in relation to this matter, they merely acted at or under the direction of those who were absolutely immune and there are insufficient allegations to suggest that any one or a combination of them independently effected the discontinuation of plaintiffs' offices. Plaintiffs also seek a declaration that the bingo license fee represents an unconstitutional revenue tax. However, we again find it unnecessary to reach the merits of their arguments. Since plaintiffs do not pay such fees, they are not aggrieved by them and, thus, lack standing to raise the issue. There is no impenetrable barrier to judicial review of this legislative scheme by those who are subject to these fees (cf. *Boryszewski v Brydges,* 37 NY2d 361, 364) and plaintiffs' status as citizen taxpayers does not enhance their position for they are not attacking a "wrongful * * * disbursement of state funds" (State Finance Law, § 123-b, subd 1). Lastly, inasmuch as their complaint was to be dismissed, the addition of parties plaintiff who could separately protect their own interests was not indicated. We find no abuse of Special Term's discretion in its decision to refuse permission to add such parties and sufficient facts were not presented on the renewal of that motion to warrant an alteration of its former decision. Orders entered May 27 and September 15, 1976 affirmed, with costs. Appeals from orders, entered April 19 and May 24, 1976, dismissed as academic, with costs. Mahoney, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.