■ CAROL GAMBARDELLA et al., Appellants, v COUNTY OF NASSAU et al., Respondents.—In an action, *inter alia,* for a judgment declaring a supplemental agreement dated September 25, 1980, to a collective bargaining agreement between the defendants Nassau County Chapter of the Civil Service Employees' Association, Inc., and the County of Nassau, for the period from January 1, 1979, to December 31, 1981, unconstitutional as violative, *inter alia,* of the Equal Protection Clause of the US Constitution, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brucia, J.), dated June 23, 1989, which granted the defendants' motion for summary judgment in their favor.

Ordered that the order is affirmed, with one bill of costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring the challenged supplemental agreement constitutional.

The plaintiffs, two X-ray technicians employed by the Nassau County Department of Health (hereinafter the Health Department) and stationed at Nassau County Health Centers, commenced the instant action seeking a judgment declaring that a salary increase awarded to X-ray technicians stationed at the Nassau County Medical Center (hereinafter the Medical Center) but not to them, applies to them as well, or in the alternative, for a declaration that such a salary increase is illegal, null and void, as violative of the Equal Protection Clause *(see,* US Const 14th Amend).

Pursuant to a memorandum of understanding between Nassau County and the Nassau County Chapter of the Civil Service Employees' Association, Inc. (hereinafter the CSEA), the parties executed the challenged supplemental agreement, *inter alia,* which deleted a provision of the existing collective bargaining agreement that required the Medical Center X-ray technicians to work five hours of overtime per week at an overtime rate of pay. In exchange, the Medical Center X-ray technicians received a salary increase to compensate them for their loss of mandatory overtime. The plaintiffs, who do not

work at the Medical Center but who instead perform duties at other Nassau County Health Centers, did not receive a similar salary increase.

The plaintiffs alleged that all X-ray technicians, whether at the Medical Center or at the Health Department, have equal capabilities and qualifications. However, the record clearly indicates that the duties and responsibilities performed by the Medical Center X-ray technicians were more complicated, sophisticated, broader, and differed materially from the duties and responsibilities of the X-ray technicians employed at Nassau County Health Centers. In addition, the Nassau County Medical Center X-ray technicians were required to be available and willing to work 24 hours a day, seven days a week, whereas the Health Center X-ray technicians were required to work only five days a week at regularly scheduled hours. The standard work week for the Medical Center X-ray technicians was 40 hours with 5 of those hours being compensated at the overtime rate. The standard work week for the Health Center X-ray technicians was 33¾ hours.

In the absence of a classification affecting fundamental rights or constituting a so-called suspect classification, which must be invalidated unless justified by some compelling State interest, the Equal Protection Clause requires only that a classification which results in unequal treatment rationally further some legitimate, articulated State interest or objective *(see, Matter of Doe v Coughlin,* 71 NY2d 48, *cert denied* 488 US 879; *Matter of Abrams v Bronstein,* 33 NY2d 488). After the court ascertains the basis of the classification involved and the governmental objective advanced by the classification, it must determine whether the classification rests " 'upon some ground of difference having a fair and substantial relation to the object of the legislation' " *(Reed v Reed,* 404 US 71, 76; *see, Weissman v Evans,* 56 NY2d 458; *Matter of Abrams v Bronstein, supra).* In matters concerning the State's budget, the Equal Protection Clause does not require that all classifications be made with mathematical precision *(see, Matter of Tolub v Evans,* 58 NY2d 1).

In the instant case, we find that the disparity in wages paid to the two different classifications of X-ray technicians by Nassau County was supported by a rational basis. Importantly, the county saved a substantial amount of money by cutting mandatory overtime pay in exchange for a general increase in pay. Moreover, it was established that the duties and responsibilities of the Medical Center X-ray technicians significantly differed from those performed by the Health

Center X-ray technicians *(see, Matter of Tolub v Evans, supra; Cheeseman v Bellacosa,* 130 AD2d 920; *Matter of Oliver v County of Broome,* 113 AD2d 239; *Cass v State of New York,* 88 AD2d 305, *mod* 58 NY2d 460).* Accordingly, the challenged agreement is not constitutionally infirm.

The plaintiffs further contend that the CSEA breached its duty of fair representation by obtaining a salary increase only for the Medical Center X-ray technicians. We find, however, that the CSEA did not act arbitrarily or in bad faith in bargaining the salary increases for its employees in this case. The bargaining representative sought salary increases for Health Center X-ray technicians as well as for Medical Center technicians, but the county refused to award an increase to Health Center technicians because their duties and responsibilities significantly differed from those of Medical Center technicians. Moreover, the Health Center technicians were not receiving mandatory overtime compensation and, therefore, they were not making concessions equivalent to those being made by the Medical Center technicians. The CSEA, on behalf of the plaintiffs, filed a grievance which was denied. Thereafter the plaintiffs did not request further legal representation from the CSEA. The CSEA did not violate its duty of fair representation by bargaining in good faith for a benefit for one class of its employees while being unsuccessful in its attempts to obtain the same benefit for another class of employees *(see, Matter of Civil Serv. Bar Assn. v City of New York,* 64 NY2d 188; *O'Riordan v Suffolk Ch., Local No. 852,* 95 AD2d 800). Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.