[613 NYS2d 993]

NEW YORK TELEPHONE COMPANY, Respondent, v CITY OF AM-
STERDAM, Appellant. (Action No. 1.)

NIAGARA MOHAWK POWER CORPORATION, Respondent, v CITY
OF AMSTERDAM, Appellant. (Action No. 2.)

Third Department, June 30, 1994

**APPEARANCES OF COUNSEL**

*Felix J. Catena, City Attorney* of City of Amsterdam *(Robert M. Cohen,* Ballston Lake, of counsel), for appellant.

*Tobin & Dempf,* Albany *(John T. Mitchell* and *William H. Reynolds* of counsel), for respondent in action No. 1.

*Mark J. Langlitz,* Albany, for respondent in action No. 2.

**OPINION OF THE COURT**

CREW III, J.

Plaintiff in action No. 1, New York Telephone Company (hereinafter NYTEL), is the holder of a special franchise license pursuant to Transportation Corporations Law § 27 which, in turn, grants NYTEL an unconditional privilege to install, maintain and repair its telephone lines and other ancillary property upon, over or under, *inter alia,* defendant's streets. Similarly, plaintiff in action No. 2, Niagara Mohawk Power Corporation (hereinafter NIMO), conducts its operations in accordance with a written franchise agreement entered into between it and defendant, under the terms of which NIMO is required, when performing an excavation, to replace the earth and leave defendant's streets "in all respects in as good condition as before [the excavation began]".

In July 1992, defendant enacted an ordinance which, insofar as is relevant to this appeal, requires applicants for a street excavation permit to pay defendant $13 per square foot of excavation occurring within the paved portion of the right-of-way, sidewalk or greenbelt portion of the right-of-way (Code of City of Amsterdam § 141-3 [b]). Thereafter, NYTEL and NIMO commenced these actions seeking a declaration that the ordinance is invalid and, following joinder of issue, moved for summary judgment. Defendant then cross-moved for summary judgment in each action. Supreme Court granted summary judgment to NYTEL and NIMO (hereinafter collectively re-

ferred to as plaintiffs) declaring, *inter alia,* that section 141-3 (b) of defendant's ordinance is invalid because it constitutes an unauthorized tax. These appeals by defendant followed.

We begin by restating the well-settled principle that "local governments do not have inherent power to adopt local laws, but may only exercise those powers expressly granted to them by the State Constitution or the Legislature [citations omitted]. When a local government acts beyond the scope of its authority, its actions are plainly unconstitutional" *(Albany Area Bldrs. Assn. v Town of Guilderland,* 141 AD2d 293, 296, *affd* 74 NY2d 372). Although defendant contends that the $13 per square foot charge is a "fee" authorized by Municipal Home Rule Law § 10 (1) (ii) (a) (6), we agree with Supreme Court that the ordinance in question imposes an unauthorized tax and, therefore, we affirm.

Municipal Home Rule Law § 10 (1) (ii) (a) (6) permits defendant to adopt local laws relating to "[t]he acquisition, care, management and use of its highways, roads, streets, avenues and property". As a general rule, "the municipal power to regulate a business, occupation or activity embraces and implies the power to license as a mode of regulation and to impose a license fee sufficient in amount to cover the cost of regulation" *(Matter of Torsoe Bros. Constr. Corp. v Board of Trustees,* 49 AD2d 461, 464). It must be noted, however, that "where a license or permit fee is imposed under the power to regulate, the amount charged cannot be greater than a sum reasonably necessary to cover the costs of issuance, inspection and enforcement" *(supra,* at 465; *see, Suffolk County Bldrs. Assn. v County of Suffolk,* 46 NY2d 613, 619; *Orange & Rockland Utils. v Town of Clarkstown,* 80 AD2d 846, 847). "To the extent that [the] fees charged are exacted for revenue purposes or to offset the cost of general governmental functions they are invalid as an unauthorized tax [citations omitted]" *(Matter of Torsoe Bros. Constr. Corp. v Board of Trustees, supra,* at 465). Additionally, the fee sought to be imposed " 'should be assessed or estimated on the basis of reliable factual studies or statistics' " *(Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor,* 40 NY2d 158, 163, quoting 9 McQuillin, Municipal Corporations § 26.36).

The issue on appeal essentially distills to whether the $13 per square foot charge constitutes a permissible fee or an unauthorized tax. Although defendant has characterized the charge as a fee, "[t]he label which is attached to an assessment is not dispositive of its true nature" *(Albany Area Bldrs.*

*Assn. v Town of Guilderland,* 141 AD2d 293, 298, *supra).* Simply stated, taxes are burdens of a pecuniary nature imposed for the purpose of defraying the costs of government services generally *(see, supra; Matter of Joslin v Regan,* 63 AD2d 466, 470, *affd* 48 NY2d 746), while fees have been characterized as the "visitation of the costs of special services upon the one who derives a *benefit* from them" *(Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor, supra,* at 162 [emphasis in original]).

Here, the record reveals that the "fee" sought to be imposed by defendant is being exacted for revenue purposes and, further, that the $13 per square foot charge clearly is disproportionate to the costs associated with issuing the excavation permit and subsequent inspections and enforcement. Notably, defendant has not controverted the assertion that the moneys garnered under the ordinance will be deposited into defendant's general fund, and it is apparent from a review of defendant's Common Council meeting minutes that the ordinance is in fact a revenue-raising measure. As to the over-all reasonableness of the charge, plaintiffs established that the costs associated with a routine excavation are dramatically less than the charges that would be imposed under defendant's ordinance, and the conclusory and unsubstantiated statements offered by defendant's Corporation Counsel and Department of Public Works General Supervisor that the $13 per square foot charge is reasonable are insufficient to raise a question of fact in this regard. In short, plaintiffs have established that the "fee" imposed under defendant's ordinance is indeed a tax, and Municipal Home Rule Law § 10 (1) (ii) (a) (6) does not permit defendant "to create new taxes to fund highway improvements" *(Albany Area Bldrs. Assn. v Town of Guilderland,* 141 AD2d 293, 297, *supra),* which is precisely what it has attempted to do here. Accordingly, plaintiffs' respective motions for summary judgment were properly granted. Defendant's remaining contentions have been examined and found to be lacking in merit.

CARDONA, P. J., CASEY, WEISS and YESAWICH JR., JJ., concur.

Ordered that the orders and judgment are affirmed, without costs.