■ CIMATO BROS., INC., Appellant, v TOWN OF PENDLETON et al., Respondents. [654 NYS2d 888] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1986 the Town Board of the Town of Pendleton (Town) enacted a Public Improvement Project (PIP) ordinance. The ordinance required subdivision owners and developers to obtain a permit for the installation of public improvements such as sidewalks, storm and sanitary sewers and roadways. In addition, the ordinance imposed a permit fee that was intended to cover the Town's cost of inspecting the improvements during construction. The amount of the fee was calculated based upon a declining percentage of the estimated cost of construction, i.e., as the estimated cost of construction increased, the fee percentage decreased from 7.5% to 2%.

In 1989 the Town amended the ordinance to provide a different means of calculating the permit fee. The amendment imposes a basic permit fee of $35 plus 10% of the estimated cost of construction. The amendment further provides that, if

the actual cost of inspection exceeds the basic fee, the owner or developer shall pay the excess "based on billings provided by the Town Engineer". If the actual cost of inspection is less than the basic fee, then the applicant will be refunded the difference.

Plaintiff, the developer of a subdivision in the town, commenced this action seeking a judgment declaring that the portion of the 1989 amendment imposing the permit fee is invalid, unconstitutional and contrary to public policy. The complaint also seeks damages from the Town in the form of interest on the amount of permit fees deposited with the Town pursuant to the 1989 amendment and an order directing the Town to remove its Town Engineer and Town Attorney upon the ground that each has a conflict of interest within the meaning of General Municipal Law § 801. The complaint also seeks damages from R & D Engineering, P. C. (R & D), the Town Engineer, for alleged excessive and unreasonable fees charged to plaintiff by R & D for inspection services.

Plaintiff has failed to brief the issues whether Supreme Court erred in granting the motion of R & D for summary judgment dismissing the complaint against it and that part of the motion of the Town for summary judgment dismissing the cause of action seeking removal of the Town Engineer and Town Attorney. Thus, plaintiff has abandoned its challenge to those portions of the court's order (*see, Schafer v Albro*, 233 AD2d 900; *Ciesinski v Town of Aurora*, 202 AD2d 984).

The court erred in granting that part of the Town's motion for summary judgment declaring that the 1989 amendment is constitutional, i.e., that the Town did not exceed its implied authority to impose a permit fee under section 10 of the Municipal Home Rule Law (*see, Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor*, 40 NY2d 158, *rearg denied* 40 NY2d 836). The Town failed to sustain its initial burden of negating the existence of triable issues of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

The Town failed to establish that the permit fee was " 'assessed or estimated on the basis of reliable factual studies or statistics' " (*Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor, supra*, at 163, quoting 9 McQuillin, Municipal Corporations § 26.36, at 89; *see also, New York Tel. Co. v City of Amsterdam*, 200 AD2d 315, 317; *cf., Suffolk County Bldrs. Assn. v County of Suffolk*, 46 NY2d 613, 620-621). Although it is not improper per se to require an applicant to pay the actual cost of inspection, there is no evidence that a permit fee based on the actual cost of inspection is a "commonly

employed" approach in the case of public improvement projects or that the actual cost of inspecting the installation of public improvements is "uniform and predictable" (*see, Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor, supra*, at 165). Moreover, there is no evidence that guidelines or standards exist to control the discretion of the Town Engineer. By requiring the developer to pay the costs billed by the Town Engineer, the amendment impermissibly requires the developer to pay "whatever the engineer chooses to charge for his services, uncontrolled by any specific standard fixed by the ordinance" (*Economy Enters. v Township Comm.*, 104 NJ Super 373, 380, 250 A2d 139, 142; *see also, Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor, supra*).

Additionally, the Town failed to establish as a matter of law that there is a rational basis for imposing a 10% fee on the estimated cost of construction irrespective of the actual cost of construction. It submitted no proof that revenue generated from the fee structure provided in the 1986 ordinance was insufficient to retain qualified engineers to perform the inspections. Further, the 1986 ordinance requires the developer to file a performance bond, ensuring that the developer is financially able to complete the project.

Thus, we modify the order by denying in part the Town's motion for summary judgment and vacating the declaration of constitutionality. (Appeal from Order of Supreme Court, Niagara County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.