■ HOME BUILDERS ASSOCIATION OF CENTRAL NEW YORK, INC., et al., Appellants, v TOWN OF ONONDAGA et al., Respondents. [701 NYS2d 542] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this declaratory judgment action challenging the adoption and constitutionality of Local Laws, 1992, No. 1, enacted by defendant Town of Onondaga (Town) in order to obtain reimbursement from developers for engineering and legal expenses incurred in connection with the inspection and approval of subdivision construction projects. The second amended complaint also seeks to recover repayment of engineering and legal fees allegedly imposed in violation of Local Law No. 1.

Pursuant to Local Law No. 1 and its implementing resolutions, a developer who applies for the approval of a subdivision must pay an application fee ranging from $200 to $2,000, based upon the number of lots in the proposed subdivision. In addition, the developer must deposit $175 per lot to cover the reasonable and necessary costs of engineering review and approval of the subdivision plans. Upon approval of the plans, the developer must deposit a sum equal to "approximately 10%" of the total cost of the highways, drainage facilities, utilities and parks to be conveyed to the Town to cover the reasonable and necessary costs of engineering and legal fees incurred in connection with the inspection and approval of the project. Any unused funds from either deposit are returned to the developer upon completion of construction, and the Town may require the deposit of additional sums if necessitated by engineering and legal expenses in connection with construction inspections and approvals.

Supreme Court properly denied plaintiffs' cross motion for partial summary judgment. The resolution that provides for higher hourly rates for legal fees reimbursed under Local Law No. 1 than for legal fees incurred in connection with other Town matters does not deprive plaintiffs of equal protection of the law. Plaintiffs and the Town are not "in all relevant respects alike" (*Nordlinger v Hahn*, 505 US 1, 10), and thus the Equal Protection Clause is not implicated (*see, Puget Sound Power & Light Co. v City of Seattle*, 291 US 619, 624, *reh denied* 292 US 603; *Matter of Bronx Riv. Parkway*, 284 NY 48, 54, *mot to amend remittitur granted* 284 NY 701, *affd sub nom. A. F. &*

*G. Realty Corp. v City of New York,* 313 US 540). In any event, the Town established a rational basis for the disparity in hourly rates (*see generally, Weissman v Evans,* 56 NY2d 458; *Gambardella v County of Nassau,* 168 AD2d 421, 422).

The court properly granted defendants' motion for summary judgment dismissing the fifth and sixth causes of action of the second amended complaint. Those causes of action, insofar as not duplicative of other causes of action, challenge the reasonableness and necessity of engineering and legal expense reimbursement imposed by the Town pursuant to Local Law No. 1 and its enabling resolutions. Because the acts complained of are administrative and not legislative, the appropriate procedural vehicle by which to challenge them is a CPLR article 78 proceeding, not a declaratory judgment action (*see, Matter of Frontier Ins. Co. v Town Bd.,* 252 AD2d 928, 929-930; *Harby Assocs. v City of Gloversville,* 82 AD2d 1003, 1004; *Todd Mart, Inc. v Town Bd.,* 49 AD2d 12, 16). Although a declaratory judgment action may be converted to a CPLR article 78 proceeding (*see,* CPLR 103 [c]; *see, e.g., Todd Mart, Inc. v Town Bd., supra,* at 16-17), it is inappropriate to do so in this instance. Plaintiff Home Builders Association of Central New York, Inc. has paid no fees under Local Law No. 1, and thus has no standing to challenge them (*see, Ball v Carey,* 64 AD2d 723, 724, *appeal dismissed* 45 NY2d 837, *lv denied* 46 NY2d 706, *cert denied* 441 US 924). Although plaintiff Kenwood Homes, Inc. did pay such fees, its fifth and sixth causes of action are barred by the four-month Statute of Limitations (*see,* CPLR 217; *Matter of Frontier Ins. Co. v Town Bd., supra,* at 930; *Davidoff v State Tax Commn.,* 208 AD2d 1095, 1096).

Contrary to plaintiffs' contention, Local Law No. 1 is not invalid because subdivision developers must reimburse the Town for engineering and legal expenses rather than pay a fixed fee calculated to cover those expenses (*cf., Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor,* 40 NY2d 158, *rearg denied* 40 NY2d 846; *Cimato Bros. v Town of Pendleton,* 237 AD2d 883). Pursuant to section 10 of the Municipal Home Rule Law, a town is vested with implied powers to impose a permit fee based upon its actual engineering and legal costs, so long as the expenses to be reimbursed are reasonable in amount and necessary to the accomplishment of the town's regulatory and proprietary functions (*see, Suffolk County Bldrs. Assn. v County of Suffolk,* 46 NY2d 613, 619; *Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor, supra,* at 163). Local Law No. 1 provides that engineering and legal fees are to be audited by the Town

Supervisor, and reimbursement is limited to those fees that are "reasonable in amount and necessarily incurred by the town", based upon specific standards. Thus, the required reimbursement is neither "open-ended" nor "unlimited" (*Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor, supra,* at 163; *cf., Cimato Bros. v Town of Pendleton, supra,* at 884-885).

Defendants failed, however, to establish as a matter of law that the amount of the deposit to cover engineering and legal fees incurred in connection with the construction of infrastructure has a rational basis (*see, Cimato Bros. v Town of Pendleton, supra,* at 885). We therefore modify the judgment by denying in part defendants' motion for summary judgment and reinstating those parts of the eighth and ninth causes of action challenging the validity of Local Law No. 1 and its implementing resolutions insofar as they require a deposit to cover engineering and legal fees of 10% of the estimated cost of the project. (Appeal from Judgment of Supreme Court, Onondaga County, Stone, J.—Declaratory Judgment.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.