CIMATO BROS., INC., Respondent, v TOWN OF PENDLETON, Appellant. [705 NYS2d 468] —Judgment unanimously affirmed without costs. Memorandum: Defendant appeals from a judgment declaring that the inspection fee structure portion of its 1989 Public Improvement Permit Ordinance is unconstitutional. We agree with defendant that Supreme Court erred in imposing upon defendant the burden of proving that the ordinance is constitutional. Local ordinances, like statutes, enjoy an "exceedingly strong presumption of constitutionality" (*Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11). In challenging an ordinance, a party must rebut that presumption by establishing beyond a reasonable doubt that there is no reasonable basis for the challenged portion of the ordinance (*see, Lighthouse Shores v Town of Islip, supra*, at 11-12). The record is sufficient, however, to enable this Court to make the determination warranted by the record consistent with the proper burden of proof (*see, Timmons v State of New York*, 256 AD2d 1163).

Plaintiff sustained its burden in this case. The fee structure imposed upon contractors and developers for inspection services conducted by defendant was not " 'assessed or estimated on the basis of reliable factual studies or statistics' " (*Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor*, 40 NY2d 158, 163, *rearg denied* 40 NY2d 846, quoting 9 McQuillin, Municipal Corporations § 26.36, at 89; *see also, Cimato Bros. v Town of Pendleton*, 237 AD2d 883, 884). A survey of fee structures imposed by neighboring towns conducted by defendant's Town Engineer demonstrated that virtually every town used a sliding scale fee structure, not the fixed percentage fee used by defendant. Moreover, the evidence establishes that, in enacting the ordinance, defendant's Town Board did not consider the results of the survey. Without the benefit of a statistical study, the Town Board estimated that a fixed fee of 8% was necessary to cover its inspection costs, and it added 2% to ensure that the amount generated by the fee was sufficient to cover its costs. Evidence that refunds have been given to each contractor since enactment of the ordinance further support the conclusion that there is no reasonable basis for fixing the fee at 10% of the estimated cost.

Plaintiff also established that requiring contractors and developers to pay the actual cost of inspection is not a com-

monly employed approach in the case of public improvement projects and that the fee structure portion of the ordinance lacks uniformity and predictability (*see, Cimato Bros. v Town of Pendleton, supra,* at 884-885). Although it sets forth certain tasks that the Town Engineer must perform with respect to the inspection of public improvements, the ordinance does not limit the nature or extent of services that the Town Engineer might perform in every instance nor does it set forth any guidelines regarding the charges for such services. Instead, the Town Board has the impermissible unfettered discretion to direct the Town Engineer to perform whatever services it deems appropriate and then to approve the payment of whatever charges are submitted to it by the Town Engineer (*see, Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor, supra,* at 163-165). (Appeal from Judgment of Supreme Court, Niagara County, Joslin, J.—Declaratory Judgment.) Present—Hayes, J. P., Wisner, Hurlbutt and Kehoe, JJ.