■ Transportation Unlimited Car Service, Inc., et al., Appellants, v New York City Taxi and Limousine Commission, Respondent. [784 NYS2d 41]—

Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered May 28, 2004, dismissing the complaint and bringing up for review an order (same court, Justice and entry date) which denied plaintiffs' motion for summary judgment, preliminary injunctive relief and class certification, granted defendant's cross motion for summary judgment dismissing the complaint, and upheld the constitutionality of Taxi and Limousine Commission Rules (35 RCNY) § 6-07 (e) and (f), unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The wheelchair accessibility rule creates an obligation to pay money, but does not constitute an infringement of a protected

property interest for purposes of the Takings Clause of the Fifth Amendment (*Commonwealth Edison Co. v United States*, 271 F3d 1327 [Fed Cir 2001], *cert denied* 535 US 1096 [2002]). Plaintiffs retain the ability to continue to operate and have beneficial economic use of their for-hire livery base stations, since they can adjust their fees in order to recoup their cost of compliance with the new regulation. They have failed to show how the regulation would interfere with their reasonable investment-backed expectations. Promulgation of the wheelchair accessibility rule was proper as effectuating a substantial public purpose (*Palazzolo v Rhode Island*, 533 US 606 [2001]). Plaintiffs failed to demonstrate any deprivation significant enough to satisfy the heavy burden on someone alleging a regulatory taking.

The regulation did not violate plaintiffs' right to equal protection of the law, since their situation was not similar to other wheelchair-accessible service providers, and the rule is rationally related to defendant's interest in providing the disabled community with a viable transportation option. Concur—Nardelli, J.P., Mazzarelli, Saxe, Ellerin and Marlow, JJ.