■ SETH M. KESSLER et al., Appellants, v ALAN G. HEVESI, as New York State Comptroller, et al., Respondents. [846 NYS2d 56]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered on or about July 7, 2006, which granted defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and denied plaintiffs' cross motion for summary judgment, unanimously modified, on the law, to declare County Law § 309 constitutional, and otherwise affirmed, without costs.

We reject plaintiffs' argument that the monthly surcharge on wireless telephones for, inter alia, enhanced 911 services is a taking because it is a user fee rather than a general tax, and because the State has not used the revenue effectively to implement enhanced 911 services. County Law § 309 requires that users pay a charge to the State for public safety services that are provided for the common good (see *Transportation Unlimited Car Serv., Inc. v New York City Taxi & Limousine Commn.*, 11 AD3d 384 [2004]; see also *Connolly v Pension Benefit Guaranty Corporation*, 475 US 211, 225 [1986]). User fees involve the government selling a service to an individual, such as highway tolls or court filing fees, rather than exercising police powers that are generally applicable to the entire community (see *New York Tel. Co. v City of Amsterdam*, 200 AD2d 315, 318 [1994]). Here, the surcharge assessed under County Law § 309 pays for services received by, and for the benefit of, the general public. The benefits flow to the general public because everyone—not just wireless telephone users—benefits from the enhancements to 911 service.

The relevant analysis under the Takings Clause is not whether the use of these revenues is effective or not, but whether the distribution of the surcharge unfairly concentrates public burdens on the shoulders of a few (*Lingle v Chevron U. S. A. Inc.*, 544 US 528, 542 [2005]). Here, the extension to wireless telephone users of a surcharge that was initially placed on land-line telephone users to support public safety programs can hardly be said to impose such an unfair burden.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and McGuire, JJ. [*See* 12 Misc 3d 1181(A), 2006 NY Slip Op 51363(U).]