■ APPLE VALLEY HYDRAULICS, Appellant, v TOWN OF PLATTSBURGH, Respondent. [859 NYS2d 756]—

Mercure, J.P. Appeal from an order of the Supreme Court (Dawson, J.), entered April 12, 2007 in Clinton County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

In 1987, defendant enacted a local law requiring the annual

testing of all backflow prevention devices by either an employee of defendant's Water and Sewer Department or by a certified tester in the presence of a Department employee (*see* Local Law No. 2 [1987] of Town of Plattsburgh § 87-33 [F]). The stated purposes of the local law are compliance with the State Sanitary Code and the prevention of backflow of contaminated water into defendant's public water system when a loss of water pressure occurs (*see* Local Law No. 2 [1987] of Town of Plattsburgh § 87-33 [A]). As relevant here, the State Sanitary Code provides that suppliers of water such as defendant must assure that all backflow prevention devices are tested annually by certified testers and maintain records of such tests, and that installation, service, maintenance, testing, repair or modification of backflow prevention devices be performed in accordance with towns' plumbing codes (10 NYCRR 5-1.31 [a] [3]; [d]).

Defendant charged owners of backflow prevention devices $75 for its employees to test a device and $10 for its employees to witness a certified third party perform the test until 2003, when it discontinued the practice of witnessing third-party testing. Plaintiff, which provides and repairs backflow prevention devices and is a certified tester, alleges that defendant is engaged in improper proprietary activity. It commenced this action seeking damages and an injunction prohibiting defendant's continued testing of backflow prevention devices and witnessing of certified third-party testing of such devices. Following joinder of issue, defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for partial summary judgment in its favor. Supreme Court granted defendant's motion and plaintiff now appeals.

Plaintiff argues that defendant's practice of testing backflow prevention devices is not authorized by state or local law and, as such, is improper. As plaintiff correctly asserts, " 'local governments do not have inherent power to adopt local laws, but may . . . exercise [only] those powers expressly granted to them by the State Constitution or the Legislature' " (*New York Tel. Co. v City of Amsterdam*, 200 AD2d 315, 317 [1994] [citation omitted]; *see Kamhi v Town of Yorktown*, 74 NY2d 423, 427 [1989]). The power to impose a license or permit fee is implied, however, when the authority to regulate an activity has been granted to municipalities, provided that " 'the amount charged cannot be greater than a sum reasonably necessary to cover the costs of issuance, inspection and enforcement' " (*New York Tel. Co. v City of Amsterdam*, 200 AD2d at 317 [citation omitted]; *see Cimato Bros. v Town of Pendleton*, 237 AD2d 883, 884-885 [1997]; *see also* Municipal Home Rule Law § 10 [1] [ii] [a] [9-a]).

As relevant here, Town Law § 130 (2) authorizes towns to enact plumbing codes to regulate, among other things, the "inspection of all plumbing and drainage systems." In addition, the Public Health Law permits towns to enact sanitary regulations that comply with the provisions of the State Sanitary Code and, in particular, provides that testing of backflow prevention devices must be in accordance with applicable town plumbing codes (see Public Health Law § 225 [10]; § 228 [2]). Plaintiff concedes that these statutory provisions grant defendant the power to regulate and inspect backflow prevention devices, but argues that defendant may not actively participate in the testing of those devices. As Supreme Court determined, however, the power to inspect necessarily includes the power to enact a local law permitting testing or witnessing of the testing, and the charging of a fee in connection therewith (see New York Tel. Co. v City of Amsterdam, 200 AD2d at 317; cf. Novak v Town of Poughkeepsie, 63 Misc 2d 385, 388 [1970]). Indeed, the State Sanitary Code expressly requires that defendant assure that all backflow prevention devices are tested annually and maintain records of those tests (see 10 NYCRR 5-1.31 [a] [3]).*

A different question is presented, however, with respect to defendant's alleged repair of backflow prevention devices. Defendant does not argue that it has the authority to perform repairs under the statutory provisions granting the authority to regulate and inspect such devices (compare Town Law § 130 [2] with Town Law § 130 [4], [16]) or that Local Law No. 2 (1987) of Town of Plattsburgh § 87-33 (F) provides its employees with the authority to engage in the repair of backflow prevention devices. Rather, defendant relies upon the affidavit of its director of Water/Waste Water Utilities, in which the director states that defendant does not, under any circumstances, install, service, maintain or repair backflow prevention devices. Although the director concedes that defendant may address "minor issues" encountered during testing of backflow prevention devices, he maintains that such " 'repairs' " are completely incidental to the testing procedure, "would take no longer than [10] or [15] minutes," and are never performed at the request of owners experiencing problems with backflow prevention devices.

We note, however, that plaintiff presented the deposition testimony of Edward Mazuchowski, a former superintendent of Water/Waste Water Utilities, indicating that defendant did not

* We note that it is undisputed that although defendant now performs very little testing of backflow prevention devices, it initially performed the testing due to an acute shortage of private certified testers at the time that the local law was enacted.

initially perform repairs but later began to do so at owners' requests. Mazuchowski also stated that defendant charged for labor in performing repairs and that the hourly rate was based upon the average salary of the individuals who performed repairs. In addition, Leonard Duquette Jr., the assistant superintendent of Water/Waste Water Utilities, averred in deposition testimony that defendant's employees did not charge for their labor, but if initial testing failed, defendant's employees would sometimes take the device apart, order a kit for rebuilding the device, put it back together, and retest it. In our view, this testimony raises issues of fact regarding whether defendant performed repairs beyond minor adjustments or cleaning incidental to the testing process (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Inasmuch as it is undisputed that defendant lacks authority under the local law or enabling statutes to perform such repairs and questions of fact exist regarding whether defendant does, in fact, perform repairs, we reverse the dismissal of the complaint to this extent and remit for a hearing on the scope of repair work performed by defendant.

Plaintiff's remaining arguments have been considered and found to be lacking in merit.

Peters, Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of defendant's motion dismissing the claims regarding defendant's unlawful performance of repairs on backflow prevention devices; motion denied to that extent; and, as so modified, affirmed.