[905 NYS2d 856]

New York State Association of Enrolled Agents, Inc.,
Plaintiff, v New York State Department of Taxation and
Finance et al., Defendants.

Supreme Court, New York County, July 6, 2010

**APPEARANCES OF COUNSEL**

*Andrew M. Cuomo, Attorney General,* New York City (*John M. Schwartz* of counsel), for defendants. *McDermott Will & Emery LLP,* New York City (*Arthur R. Rosen* and *Jeffrey S. Reed* of counsel), for plaintiff.

**OPINION OF THE COURT**

MARCY S. FRIEDMAN, J.

In this action, plaintiff seeks a judgment declaring that Tax Law § 32 is unconstitutional and that defendant New York State Department of Taxation and Finance (DTF) may not require enrolled agents or the employees of enrolled agents to register with the DTF or to pay any fees pursuant to section 32.

Defendants move, pursuant to CPLR 3211 (a) (7), to dismiss the complaint for failure to state a cause of action, and seek a judgment declaring that section 32 is constitutional.

Tax Law § 32 was enacted in April 2009 to implement "standards to enhance the quality of tax preparation services in New York State" (Sponsor's Mem in Support of 2009 NY Assembly Bill A8556, quoting Mem in Support of L 2009, ch 59 [exhibit B to defendants' supplemental mem]) after a DTF investigation found "an epidemic of unethical and criminal behavior" in the field of New York tax preparation (Sept. 2, 2009 statement by DTF Commissioner Jamie Woodward [John Schwartz affirmation in reply, exhibit A]). Section 32 (b) (1) provides, in pertinent part, that "[e]ach tax return preparer, who will prepare at least one return in a calendar year . . . , must register electronically with the [DTF] for that calendar year." Section 32 (c) (1) requires commercial tax return preparers (e.g., those who prepared 10 or more tax returns for compensation the preceding year and will prepare at least one or more for compensation during the current year [section 32 (a) (3) (A)]) to "pay an annual fee of one hundred dollars to the [DTF]." Section 32 (a) (14) defines "tax return preparer" as "an individual who prepares a substantial portion of any return for compensation." This provision specifically excludes from the definition of tax return preparer attorneys, public accountants, and certified public accountants, and their employees preparing returns under their supervision. Section 32 (a) (14) does not exclude enrolled agents from the definition of tax return preparers.[1] Section 32 (a) (8), in turn, defines an enrolled agent as "an agent enrolled to practice before the internal revenue service" pursuant to 31 CFR 10.4.

The authority to practice before the IRS is governed by 31 CFR 10.1 *et seq.* (practice regulations), which provide that enrolled agents "may practice before the Internal Revenue Service." (31 CFR 10.3 [c].) Such practice includes "preparing and filing documents, corresponding and communicating with the Internal Revenue Service, rendering written advice with respect to any entity, transaction, plan or arrangement, or other plan or arrangement having a potential for tax avoidance or evasion,

1. At the time of the commencement of this proceeding, section 32 exempted attorneys, public accountants, and certified public accountants "who are registered with or licensed by the state." The statute was amended in December 2009 to exclude from the definition of tax return preparers all attorneys, public accountants, and certified public accountants, whether licensed in New York State or elsewhere.

and representing a client at conferences, hearings and meetings." (31 CFR 10.2 [a] [4].) Matters before the IRS include "preparing or filing . . . returns." (31 CFR 10.27 [c] [2].) However, in order to be eligible for enrollment as an enrolled agent, pursuant to 31 CFR 10.4 (a) and (c), a person must demonstrate competence in tax matters by passing an examination or by demonstrating technical experience in the IRS, and must not have "engaged in any conduct that would justify the censure, suspension, or disbarment of any practitioner." In addition, the Secretary of the Treasury may suspend, disbar, or censure an individual practicing before the IRS who violates one or more of the practice regulations. (31 USC § 330 [b].) The regulations include requirements that practitioners exercise "due diligence" in preparing tax returns (31 CFR 10.22 [a] [1]), limit fees that practitioners can charge (31 CFR 10.27 [a], [b]), and specify practitioners' ethical obligations (31 CFR 10.34).

In this action, plaintiff claims that Tax Law § 32 is preempted with respect to enrolled agents by federal licensing requirements, and that the requirements imposed on enrolled agents by section 32 violate the Due Process, Equal Protection, and Takings Clauses. Defendants contend that these constitutional claims are without merit.

It is well settled that on a motion to dismiss addressed to the face of the pleading, "the pleading is to be afforded a liberal construction (*see*, CPLR 3026). We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002].)

As to plaintiff's preemption claim, "[i]t is a familiar and well-established principle that the Supremacy Clause, U.S. Const., Art. VI, cl. 2, invalidates state laws that interfere with, or are contrary to, federal law." (*Hillsborough County v Automated Medical Laboratories, Inc.*, 471 US 707, 712 [1985] [internal quotation marks omitted].)

> "Congressional preemptive intent may be discerned in three ways: (1) expressly in the language of the Federal statute; (2) implicitly, when the Federal legislation is so comprehensive in scope that it is inferable that Congress intended to fully occupy the 'field' of its subject matter; or (3) implicitly, when State law actually 'conflicts' with Federal law." (*Ro-*

*sario v Diagonal Realty, LLC*, 8 NY3d 755, 763 [2007], *cert denied* 552 US 1141 [2008], quoting *Drattel v Toyota Motor Corp.*, 92 NY2d 35, 42-43 [1998].)

However, "[i]n all pre-emption cases, . . . we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." (*Wyeth v Levine*, 555 US —, —, 129 S Ct 1187, 1194-1195 [2009] [internal quotation marks omitted].)

This is not a case involving an express federal preemption of state law. As defendants correctly point out, the complaint does not allege any statutory provision that expressly preempts state regulation of the preparation of state tax returns.

The complaint also does not plead facts that support a claim that Congress intended federal law to fully occupy the field of tax return preparation. The complaint asserts that enrolled agents are "completely and fully regulated" by federal law in preparing tax returns. (Complaint ¶ 49.) Congress authorized the Secretary of the Treasury, who promulgates the practice regulations, to "regulate the practice of representatives of persons before the Department of the Treasury." (31 USC § 330 [a] [1].) Moreover, the practice regulations explicitly state that "[t]his part contains rules governing the recognition of attorneys, certified public accountants, enrolled agents, and other persons representing taxpayers before the Internal Revenue Service." (31 CFR 10.0.) Contrary to plaintiff's apparent contention, the practice regulations do not contain any language suggesting that they were intended to exclusively regulate the preparation of both federal and state tax returns, and that they therefore "preclude supplementary state regulation." (*See Carberry v State Bd. of Accountancy*, 28 Cal App 4th 770, 774, 33 Cal Rptr 2d 788, 790 [1994]; *see generally Matter of Disney Enters., Inc. v Tax Appeals Trib. of State of N.Y.*, 10 NY3d 392, 403 [2008] [holding "the power to tax is such a traditional state power" and not preempted].)

On the contrary, Congress has recognized the existence of parallel state licensing and regulation of state tax return preparers. (*See* 26 USC § 6103 [a] [k] [5] [providing for the confidentiality of federal tax returns and return information with an exception, among others, authorizing disclosure of whether a penalty has been assessed against a tax return preparer "to any agency, body, or commission lawfully charged

under any State or local law with the licensing, registration, or regulation of tax return preparers"]; *see generally Bonito Boats, Inc. v Thunder Craft Boats, Inc.*, 489 US 141, 166-167 [1989] ["(t)he case for federal pre-emption is particularly weak where Congress has indicated its awareness of the operation of state law in a field of federal interest, and has nonetheless decided to 'stand by both concepts and to tolerate whatever tension there (is) between them' "].)

Plaintiff alleges that "[b]ecause New York corporation franchise and income taxes use the federal income tax as a starting point, New York and federal tax returns are, as a practical matter, virtually always prepared by the same tax return preparer" (complaint ¶ 17), and that the preparation of a New York tax return is "inextricably linked to [an enrolled agent's] preparation of federal tax returns." (*Id.* ¶ 48.) Plaintiff further alleges that section 32 "restricts Enrolled Agents' ability to prepare New York tax returns, which is incident to Enrolled Agents' practice before the Internal Revenue Service" (*id.* ¶ 39), and that "any restriction on an Enrolled Agent's ability to prepare New York tax returns would effectively be a restriction on such Enrolled Agent's ability to prepare federal tax returns and would thus frustrate the federal government's ability to regulate tax return preparers." (*Id.* ¶ 18.) Similarly, plaintiff claims that section 32 imposes "additional conditions" on the preparation of federal tax returns. (*See id.* ¶ 46.)

These allegations are insufficient to plead a claim of either field or conflict preemption. Section 32 imposes requirements on the preparers of state, not federal, tax returns. Plaintiff's reliance on *Sperry v Florida ex rel. Florida Bar* (373 US 379 [1963]) to support the preemption claim is misplaced. In *Sperry*, Congress authorized the Commissioner of Patents to prescribe regulations governing the conduct of attorneys and agents representing applicants before the Patent Office, and the Commissioner provided by regulation that an applicant may be represented by an attorney or agent authorized to practice before the Patent Office. The Supreme Court held that although Florida had concluded that the petitioner's conduct constituted the unauthorized practice of law, Florida could not bar the petitioner from holding himself out in that state as qualified to prepare patent applications, because Congress had authorized nonattorneys, as well as attorneys, to perform such work. The court reasoned that "Florida may not deny to those failing to meet its own qualifications the right to perform the functions within the

scope of the federal authority." (*Id.* at 385.) Here, in contrast, section 32 does not deny enrolled agents the right to prepare federal tax returns, but merely imposes requirements for their eligibility to prepare New York State tax returns.

To the extent that plaintiff alleges that the federal returns cannot be prepared without the state returns and vice versa, plaintiff fails to make any showing that the required information cannot be obtained from back-up tax documents such as the federal W-2 form and New York State form IT-2105.

Moreover, the Supreme Court has held that "merely because the federal provisions [are] sufficiently comprehensive to meet the need identified by Congress [does] not mean that States and localities [are] barred from identifying additional needs or imposing further requirements in the field." (*Hillsborough County,* 471 US at 717.) Accordingly, DTF is not barred from implementing a registration requirement in order to combat criminal behavior in the field of New York State tax return preparation merely because federal provisions also govern certain standards and practices relating to federal tax return preparation.

■ For the above reasons, the court holds that plaintiff fails to plead facts supporting a claim that Tax Law § 32 is unconstitutional under a preemption theory. Section 32 also does not violate the Due Process or Equal Protection Clause of the United States Constitution. In its complaint, plaintiff alleges that "Section 32 is arbitrary and capricious in that it creates completely random classes of tax return preparers that must register and pay fees to New York State." (Complaint ¶ 51.) In particular, plaintiff takes issue with section 32's registration requirement for enrolled agents who have met federal tax return preparer requirements and its exemption for employees of attorneys or certified public accountants who prepare tax returns under their supervision. (*See* Tax Law § 32 [a] [14].)

It is well settled that "[w]hen a statute is challenged on nonprocedural grounds as violative of due process of law the question is whether there is some fair, just and reasonable connection between it and the promotion of the health, comfort, safety and welfare of society." (*Health Ins. Assn. of Am. v Harnett,* 44 NY2d 302, 310 [1978] [citations omitted].) Furthermore, "a classification must be upheld against an equal protection challenge if there is any *reasonably conceivable* state of facts that could provide a rational basis for the classification." (*Port Jefferson Health Care Facility v Wing,* 94 NY2d 284, 290 [1999],

*cert denied* 530 US 1276 [2000] [internal quotation marks omitted].)

Here, plaintiff fails to plead any facts to support its assertion that there is not a reasonable connection between section 32's registration requirement and the promotion of public welfare. On the contrary, defendants argue, and plaintiff does not dispute, that there is a greater need today for regulation of tax return preparation because of the unethical and criminal behavior in the tax return preparer community in recent years. (*See* Sept. 2, 2009 statement by DTF Commissioner Jamie Woodward, *supra*.) Nor do the allegations in plaintiff's complaint support a claim that to exempt tax attorneys, public accountants, or certified public accountants, or their employees who prepare tax returns, from the registration requirement of section 32, but not to exempt enrolled agents, is arbitrary and capricious. Defendants initially argued that this distinction was rational because attorneys and certified public accountants, unlike enrolled agents, are already subject to New York licensing and ethics requirements.[2] Plaintiff contends that this rationale has been undermined by the Legislature's December 2009 amendment to Tax Law § 32 (a) (14), which removed the registration exemption for attorneys and certified public accountants registered with or licensed by New York State, and exempted all attorneys and certified public accountants, whether or not licensed in this state. However, as set forth in the "Justification" section of the Memorandum in Support of 2009 NY Assembly Bill A8556 proposing the amendment (exhibit B to defendants' supplemental mem), the purpose of the amendment was to ameliorate an inconsistency between Tax Law § 32 and Education Law § 7406-a in the requirements for registration of out-of-state certified public accountants. As the Memorandum explained, by requiring registration of out-of-state certified public accountants, the former version of section 32 "fail[ed] to recognize" that certified public accountants licensed out of state must comply with professional standards for tax preparation, and must agree to submit to the disciplinary authority of the New York State Board of Regents. (Exhibit B to defendants' supplemental mem; Education Law § 7406-a [2] [a].) Thus, the amendment was predicated not on an

---

**2.** Specifically, attorneys and certified public accountants who practice in this state are required to register with the New York State Unified Court System and the New York State Society of Certified Public Accountants, respectively.

arbitrary decision to require enrolled agents to register, but rather on a reasoned determination to exempt out-of-state certified public accountants and out-of-state attorneys who are already regulated by strict professional licensing requirements outside of the state and are also subject to disciplinary action here. In contrast, enrolled agents, while subject to standards of practice under the practice regulations, are not subject to the same licensing and professional standards as are attorneys and certified public accountants in this, as well as in other, states.

Plaintiff further argues that section 32 is arbitrary because it serves the same purpose as General Business Law § 372 which, according to plaintiff, exempts enrolled agents from the "vast bulk" of its requirements. This contention is without merit. Section 372 exempts enrolled agents from its requirements that tax preparers provide customers with contact information and with a "consumer bill of rights." It does not exempt enrolled agents, or attorneys or certified public accountants, from its requirements regarding the provision by tax return preparers to customers of refund anticipation loans. (*See* General Business Law § 372 [h].) Moreover, General Business Law § 372 predates the enactment of Tax Law § 32, and does not prescribe any registration requirements for tax return preparers, which the Legislature subsequently decided were necessary to combat ethical violations within the tax preparer community. At the time it passed Tax Law § 32, the Legislature was fully aware of the exemptions for enrolled agents in General Business Law § 372. Yet, it determined to require registration by enrolled agents and not by attorneys or accountants already subject to state regulation.

As defendants therefore correctly argue, the Legislature's classification of enrolled agents as nonexempt from the registration requirement must be upheld against plaintiff's equal protection challenge, as there is a *"reasonably conceivable* state *of facts provid[ing]* a sufficient rational basis to sustain [the] classification." (*Port Jefferson Health Care Facility*, 94 NY2d at 290.)

Finally, plaintiff alleges that section 32's $100 annual fee violates the Takings Clause of the Fifth Amendment because "Enrolled Agents do not receive any new benefit as a result of paying the New York registration fee." (Complaint ¶ 53.) "[T]he imposition of an obligation to pay money does not constitute an unconstitutional taking of property." (*Commonwealth Edison Co. v United States*, 271 F3d 1327, 1339-1340 [2001], *cert denied*

535 US 1096 [2002].) Moreover, "a reasonable user fee is not a taking if it is imposed for the reimbursement of the cost of government services." (*United States v Sperry Corp.*, 493 US 52, 63 [1989].) Here, the $100 annual fee is a reasonable amount for administration of the registration program, and is comparable to the registration fees that both attorneys and certified public accountants registered in New York are required to pay. Moreover, the increased confidence in the tax preparation industry resulting from this enhanced regulation confers a benefit on both enrolled agents and the general public. (*See generally Kessler v Hevesi*, 45 AD3d 474, 475 [1st Dept 2007], *appeal dismissed* 10 NY3d 849 [2008].) Plaintiff's claim alleging an unconstitutional taking will accordingly be dismissed.

The court has considered plaintiff's remaining contentions and finds them to be without merit. The court thus holds that Tax Law § 32 is not constitutionally infirm with respect to enrolled agents. Any exemption of enrolled agents from registration as tax return preparers is a matter subject to the legislative will.[3]

It is accordingly hereby ordered that the motion of defendants to dismiss the complaint is granted; and it is further ordered, adjudged, and declared that Tax Law § 32 does not violate the United States Constitution by requiring enrolled agents and their employees to register with the New York State Department of Taxation and Finance and to pay fees pursuant to section 32.

---

**3.** Indeed, the parties have apprised the court that there is a bill currently pending before both the Senate and Assembly (2009 NY Senate-Assembly Bill S5856, A8595) to exempt enrolled agents from registration under Tax Law § 32.