# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1090**
**CA 14-00572**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF THOMAS C. TURNER AND KINGSLEY
STANARD, PETITIONERS-PLAINTIFFS-APPELLANTS,

V                                      MEMORANDUM AND ORDER

MUNICIPAL CODE VIOLATIONS BUREAU OF CITY OF
ROCHESTER AND CITY OF ROCHESTER,
RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

SANTIAGO BURGER ANNECHINO LLP, ROCHESTER (MICHAEL A. BURGER OF
COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.

T. ANDREW BROWN, CORPORATION COUNSEL, ROCHESTER (SARA L. VALENCIA OF
COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 5, 2013 in a CPLR article 78 proceeding and a declaratory judgment action. The judgment, among other things, denied the relief sought in the petition-complaint.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and judgment is granted in favor of petitioners-plaintiffs as follows:

It is ADJUDGED and DECLARED that section 120-175 of the Municipal Code of the City of Rochester is unconstitutional under the United States and New York Constitutions.

Memorandum: Petitioners-plaintiffs (plaintiffs) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to declare section 120-175 of the Municipal Code of the City of Rochester (Code) unconstitutional. Supreme Court denied the relief sought in the petition-complaint.

The ordinance at issue was enacted by the Rochester City Council to advance the health, safety, and welfare of the residents of the City of Rochester (*see* Code § 120-162). To that end, the ordinance seeks to prohibit "outdoor storage" in all districts except specifically enumerated commercial districts (*id.* § 120-175). The Code defines "outdoor storage" as "[s]torage of any materials, merchandise, stock, supplies, machines and the like that are not kept in a structure having at least four walls and a roof, regardless of

how long such materials are kept on the premises" (*id.* § 120-208).

Plaintiffs contend that Code § 120-175 is unconstitutionally void for vagueness, and we agree. We therefore reverse the judgment and declare section 120-175 of the Code to be unconstitutional. Municipal ordinances, like other legislative enactments, "enjoy an 'exceedingly strong presumption of constitutionality' " (*Cimato Bros. v Town of Pendleton*, 270 AD2d 879, 879, *lv denied* 95 NY2d 757, quoting *Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11). The void-for-vagueness doctrine "embodies a 'rough idea of fairness' " (*Quintard Assoc. v New York State Liq. Auth.*, 57 AD2d 462, 465, *lv denied* 42 NY2d 805, *appeal dismissed* 42 NY2d 973, quoting *Colten v Kentucky*, 407 US 104, 110), and an impermissibly vague ordinance is a violation of the due process of law (*see People v Stuart*, 100 NY2d 412, 419).

"In addressing vagueness challenges, courts have developed a two-part test . . . [F]irst[,] . . . the court must determine whether the statute in question is sufficiently definite to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute" (*id.* at 420 [internal quotation marks omitted]; *see People v Nelson*, 69 NY2d 302, 307; *see also Matter of Kaur v New York State Urban Dev. Corp.*, 15 NY3d 235, 256, *cert denied sub nom. Tuck-It-Away, Inc. v New York State Urban Dev. Corp.*, 562 US ___, 131 S Ct 822). "Second, the court must determine whether the enactment provides officials with clear standards for enforcement" (*Stuart*, 100 NY2d at 420; *see People v New York Trap Rock Corp.*, 57 NY2d 371, 378).

We conclude that the ordinance fails to pass either part of the test. With respect to the first part of the test, we conclude that the ordinance gives ordinary people virtually no guidance on how to conduct themselves in order to comply with it, and the language used in the ordinance makes it "difficult[] for a citizen to comprehend" the precise conduct that is prohibited (*Nelson*, 69 NY2d at 307). Moreover, with respect to the second part of the test, we conclude that the vague language of the ordinance does not provide clear standards for enforcement and, thus, a determination "whether the ordinance has been violated 'leaves virtually unfettered discretion in the hands of' the [code enforcement officer]" (*Bakery Salvage Corp. v City of Buffalo*, 175 AD2d 608, 610, quoting *People v Illardo*, 48 NY2d 408, 414).

In view of our determination, we do not address plaintiffs' remaining contentions.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court